IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT AT NEW HAVEN

JENNIFER NEILANDER )
DARRELL NEILANDER Pro Se' )
Plaintiffs )
 )
V. ) Case No:
ROBERT GHENT )
Defendant ) **Civil Rights Violation Complaint**
RAY BRENNAN'S CONSUMER ) **Trial By Jury Demanded**
LEASING INC )
Co-Defendant
RAY BRENNAN, PRESIDENT
Co-Defendant
Does 1 through 10

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**Comes now** the Plaintiffs DARRELL NEILANDER and JENNIFER NEILANDER :

Plaintiff's Complaint is based on the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (FDCPA) the Connecticut Unfair Trade Practices Act Conn. Gen. Stat. 42-110a et seq. {CUTPA} the Connecticut Creditor's Collection Practices Act Conn. Gen. Stat. Sections 36a-809-1 to 36a-809-17, Sections 36a-647-1 to 36a-647-7 (CCPA}

At all times hereinafter mentioned, The Plaintiff is a resident of New Haven County State of Connecticut from here forward Darrell Neilander and Jennifer Neilander, will be known as the PLAINTIFFS. Robert Ghent will be known as GHENT, co defendant Ray Brennan's Consumer Leasing Inc will be known as CONSUMER LEASING, co defendant Ray Brennan, President of Ray Brennan's Consumer Leasing Inc ill be known as BRENNAN

## JURISDICTION AND VENUE

Jurisdiction of this court arises pursuant to *15 U.S.C. §1692k(d)* and which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

GHENT is a "debt collector" as described in 15 USC 1692 803 (6)

CONSUMER LEASING is as a "Creditor" as described in CCPA 36a 647-2(5) and is not licensed by the Connecticut Banking Commission lend money or charge interest..

1

BRENNAN is a "Consumer debtor agent" as described in CCPA 36a 647-2 (4) Also described as "debt collector" 15 USC 1692 803 (6) (A) and conducts business in the state of Connecticut. As such, defendants fall under the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.*(DCPA), and is governed under the laws of Connecticut.

The Plaintiff brings this action to the fact as to how an alleged account was or was not validated and wrongful actions without providing proof of an alleged account to the Plaintiff and violated the civil rights of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq. and the laws of Connecticut

Plaintiff reserves the right to amend his complaint as other Defendants and violations become evident.

## PRELIMINARY STATEMENT

Plaintiff brings this action for damages against <u>all</u> defendants for violations of the Fair Debt Collection Practices Act *15 U.S.C. §1681, et seq*. Continued collection activity without providing proof of an alleged account and failure to provide proof of the alleged account.

## INTRODUCTION

On or about March 18, 2011 BRENNAN sent PLAINTIFFS a collection letter dated March 18, 2010 demanding payments for April 1 2011 in regards to an alleged debt. On or about March 18, 2011 BRENNAN called PLAINTIFF Darrell Neilander place of work and left a detailed messaged about this alleged debt stating ***"you owe me money and your not paying your obligations"*** PLAINTIFFS assistant played and listened to said message and informed PLAINTIFF of its existence.

On or about April 8, 2011 PLAINTIFFS received a letter from GHENT claiming PLAINTIFFS owed CONSUMER LEASING in the amount of $7521.53.

On April 26,2011 PLAINTIFFS sent GHENT a registered letter asking for validation and verification of this alleged debt.

On or about July 18, 2011 GHENT sent a letter claiming PLAINTIFFS now owed CONSUMER LEASING in the amount of $4823.76

On or about July 30, 2011 PLAINTIFFS sent GHENT a registered letter indicating that GHENT was trying to collect a different amount than stated on his original letter sent on April 8, 2011. PLAINTIFFS once again requested GHENT to validate and verify said debt and requested a full accounting of alleged debt from CONSUMER LEASING.

2

On or about December 4, 2011 PLAINTIFFS were served by State Marshal a Summons and Complaint for the local superior court filed by GHENT for CONSUMER LEASING.

To date the DEFENDANTS have failed to validate the alleged debt and has done continued collection activity through today's date and has not provided proper validation or an accounting of the alleged debt.

## Count 1 against GHENT Under FDCPA

Failure to validate the alleged debt/account: Failure to provide proof of alleged debt/account Initial contact on or about April 8,2011 and July 18, 2011.

**§ 809. Validation of debts 15 USC 1692g**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or

3

judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

Plaintiff demands Judgment in the amount of $1000.00

## Count 2 against GHENT Under FDCPA

Continued collection activity: Filing suit in the local court on or about December 3, 2011 again failing to provide proof of the alleged account

In violation of **§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $1000.00

## Count 3 against GHENT Under FDCPA

Continued collection activity: Second letter received on or about July 18, 2011 with different ed amount to be paid t again failing to provide proof of the alleged account

In violation of **§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $1000.00

## Count 4 against the GHENT Under FDCPA

**§ 807 (2) A.** False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

Plaintiff demands Judgment in the amount of $1000.00

4

### Count 5 against GHENT Under FDCPA

**808 (1). Unfair practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized bythe agreement creating the debt or permitted by law

Plaintiff demands Judgment in the amount of $1000.00

### Count 6 against the GHENT Under FDCPA

**809. Validation of debts**

(a) Within five days after the initial communication with aconsumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

Plaintiff demands Judgment in the amount of $1000.00

### Count 7 against the GHENT Under FDCPA

**811(a) (2) (A) (B) . Legal actions by debt collectors**

(a) Any debt collector who brings any legal action on a debt against any consumer shall—

(2) in the case of an action not described in paragraph (1),bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

Plaintiff demands Judgment in the amount of $1000.00

### Count 1 against the BRENNON Under FDCPA

**805 (A) (1) and (3)** Communication in connection with debt collection

(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's Employer prohibits the consumer from receiving such communication

Plaintiff demands Judgment in the amount of $2000.00

### Count 2 against the BRENNAN Under FDCPA

**807 (11).** False or misleading representations A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Plaintiff demands Judgment in the amount of $1000.00

### Count 3 against the BRENNAN & GHENT Under FDCPA

**808 (1).** Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Plaintiff demands Judgment in the amount of $2000.00

**WHEREFORE,** The Defendant has violated the FDCPA and the Plaintiffs rights under the law Plaintiff has disputed asked for validation of the alleged account with the Defendant in a timely manner as required under FDCPA.

**§ 813. Civil liability 15 USC 1692i**

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action,

(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and

(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

The Defendants have damaged the Plaintiff both monetarily and emotionally. Plaintiff demands judgment for punitive damages for $25000.00 along with $12000.00 for their violations of FDCPA and any other damages the court deems permissible.

### Count 1 against the BRENNAN & CONSUMER LEASING Under CCPA

**Sec. 36a-647-4. Communications**

(a) **Communication with the consumer debtor or consumer debtor agent generally.** Without the prior consent of the consumer debtor or consumer debtor agent given directly to the creditor or the express permission of a court of competent jurisdiction, a creditor shall not communicate with a consumer debtor or consumer debtor agent in connection with the collection of any debt:

(1) At any unusual time or place or a time or place known or that should be known to be inconvenient or embarrassing to the consumer debtor or consumer debtor agent. In the absence of knowledge of circumstances to the contrary, a creditor shall assume that the convenient time for communicating with a consumer debtor or consumer debtor agent is after 8:00 a.m. and before 9:00 p.m., local time at the consumer debtor's or consumer debtor agent's location;
Plaintiff demands Judgment in the amount of $2000.00

## Count 2 against the BRENNAN & CONSUMER LEASING Under CCPA

**Sec. 36a-647-5. Conduct**

A creditor shall not engage in any conduct the natural consequence of which to a reasonable person would be to harass or abuse such person in connection with the collection of a debt. A creditor shall not intentionally engage in any conduct which the creditor knows would harass or abuse any person. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(16) Sending any written communication to a consumer debtor which recites the time period within which a debt must be paid to avoid further action but which does not recite the date on which such time period commences
Plaintiff demands Judgment in the amount of $2000.00

## Count 3 against the CONSUMER LEASING Under CCPA

**Sec. 36a-647-5. Conduct**

A creditor shall not engage in any conduct the natural consequence of which to a reasonable person would be to harass or abuse such person in connection with the collection of a debt. A creditor shall not intentionally engage in any conduct which the creditor knows would harass or abuse any person. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(14) Refusing to make a reasonable effort to determine the validity of a debt the consumer debtor disputes unless such a verification has already been made;
Plaintiff demands Judgment in the amount of $1000.00

## Count 4 against the BRENNAN & CONSUMER LEASING Under CCPA

**Sec. 36a-647-6. Representations, devices, practices**

A creditor shall not use any fraudulent, deceptive or misleading representation, device or practice in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(12) The failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer debtor or consumer debtor agent that the creditor is attempting to collect a debt. This subsection shall not apply to any creditor communications for the purpose of acquiring location information permitted by section 36a-647-3 of the Regulations of Connecticut State Agencies.

Plaintiff demands Judgment in the amount of $2000.00

**WHEREFORE,** The Defendants have violated the CCPA and the Plaintiffs rights under the law Plaintiff has disputed asked for validation of the alleged account with the Defendant in a timely manner as required under CCPA.

The Defendants have damaged the Plaintiff both monetarily and emotionally. Plaintiff demands judgment for $7000.00 for their violations of CCPA and any other damages the court deems permissible.

### Count 1 against GHENT &CONSUMER LEASING under CUTPA

Violations of the Connecticut Unfair Trade Practices Act, Conn Gen. Stat. 42-110b{a} et seq. The Defendant engaged in unfair and deceptive acts and practices in the conduct of their trade in as they have ignored state and federal law. **The Plaintiff demands $25000.00 in punitive damages, statutory damages, attorney fee and costs pursuant to the Public Act to be determined by this court.**

### Count 1 Negligent Training and Supervision against CONSUMER LEASING

Defendant knew or should have known of it's inadequate training and supervision. If Defendant had properly trained and supervised it's employees, agents, and assigns, the conduct which was directed at the Plaintiff would have never occurred. Defendant, knew or should have known that the conduct of it's employees, agents, and/or assigns was improper. Defendants negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent such improper conduct. As a result , the Plaintiff suffered humiliation, loss of sleep, anxiety

nervousness, physical sickness, physical and mental suffering, pain and anguish. Plaintiff demands punitive damages as the court sees fit.

## Count I Reckless and Wanton Training and Supervision against CONSUMER LEASING

The Defendant knew or should have known of it's inadequate training and supervision. If Defendant had properly trained and supervised it's employees, agents, and assigns, the conduct which was directed at the Plaintiff would have never occurred. Defendant, knew or should have known that the conduct of it's employees, agents, and/or assigns was improper. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent such improper conduct. As a result , the Plaintiff suffered humiliation, loss of sleep, anxiety nervousness, physical sickness, physical and mental suffering, pain and anguish. Plaintiff demands punitive damages as the court sees fit.

## Summation

Plaintiff has disputed the alleged account with the Defendants in a timely manner.  Defendants chose to violate federal and state law in regards to there illegal collection of this alleged debt Defendant has not only violated the Plaintiff's civil rights but damaged the Plaintiff both monetarily and emotionally.

**WHEREFORE,** The Defendants have violated the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (FDCPA) the Connecticut Unfair Trade Practices Act Conn. Gen. Stat. 42-110a et seq. {CUTPA} the Connecticut Creditor's Collection Practices Act Conn. Gen. Stat. Sections 36a-809-1 to 36a-809-17, Sections 36a-647-1 to 36a-647-7 (CCPA}

Plaintiff demands Judgment in the amount of $19,000.00 plus all costs and attorneys fees of this action along with punitive damages in the amount of $50,000.00 Total of $69,000   for their violations of  FDCPA,  CUTPA, CCPA  and any other damages, court costs and attorneys fees the court deems permissible.

Respectfully submitted this 8 TH Day of December, 2011.

Darrell Neilander
30 King Street
Wallingford, CT 06492
203-376-4407
dneilander@sbcglobal.net

Jennifer Neilander
30 King Street
Wallingford, CT 06492
203-376--4407
dneilander@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint/summons

**Darrell Neilander, Jennifer Neilander {Plaintiffs}** 30 King Street Wallingford CT 06492

vs.

**Robert Ghent (Attorney) Defendant** 193 Grand Street Waterbury, CT 06702

**Ray Brennan's Consumer Leasing Inc Co-Defendant** 25 Cambridge Court Middlebury, CT 06762

**Ray Brennan  {President of Ray Brennan's Consumer Leasing Inc} Co-Defendant** 25 Cambridge Court Middlebury, CT 06762

**Thomas a Frizell (Agent for Service}** 235 Greenwood Ave Bethel, CT 06801

Has been upon the Defendant via Connecticut State Marshall/Federal Marshals , on or about day of December 21, 2011 with affidavit of service by Connecticut State Marshall/ Federal Marshals  to be submitted to the Clerk of the Court.

Darrell Neilander
30 King Street
Wallingford, CT 06492
dneilander@sbcglobal.net